12-4598-ag
Jiang v. Holder

BIA
A089 255 818

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand fourteen.

PRESENT:
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

YAN JIANG, AKA CHENG BIN DONG,
*Petitioner,*

v.                                                          12-4598-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Mona Liza Fabular Lao, New York, New York.

FOR RESPONDENT:          Jacob Bashyrov (Stuart F. Delery, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Jiang, a native and citizen of the People's Republic of China, seeks review of the October 22, 2012, order of the BIA denying her motion to reopen. *In re Yan Jiang*, No. A089 255 818 (B.I.A. Oct. 22, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of Jiang's motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

It is well established that the BIA may deny reopening based on the movant's failure to demonstrate her *prima facie* eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). To establish eligibility for asylum, an applicant who, like Jiang, does not rely on past persecution must demonstrate an objectively reasonable fear of future persecution by either: (1) offering evidence that "she would be singled out individually for persecution"; or (2) proving the existence of a "pattern or practice . . . of persecution of a group of persons similarly situated to the

2

applicant . . . ." 8 C.F.R. § 1208.13(b)(2). To obtain relief under the Convention Against Torture ("CAT"), the applicant must show that she would more likely than not be tortured. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17.

Jiang argues that she established a well-founded fear of future persecution and a likelihood of torture based on her recent membership in the Chinese Democratic Party ("CDP") in the United States. However, the BIA reasonably found that Jiang's evidence of country conditions was not material as it pertained to individuals who were not similarly situated to her, including prominent activists who operated *within* China. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that a motion to reopen be based on new evidence material to the movant's eligibility for asylum); 8 C.F.R. §§ 1208.13(b)(2)(iii)(A), 1208.16(b)(2)(i) (providing that evidence of a pattern or practice of persecution must involve a group of persons "similarly situated to the applicant").

The BIA also reasonably found that Jiang failed to establish that she would be singled out individually for persecution in China. Although Jiang submitted letters from her brother-in-law and father and a village committee notice that indicated Chinese authorities' awareness of her CDP

3

activities in the United States, the BIA reasonably gave little weight to those documents because the letters were not notarized, the father's letter was not based on personal knowledge, and the agency's adverse credibility determination regarding Jiang's previous claims undermined the authenticity and reliability of the documents. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (concluding that the BIA reasonably refused to credit motion to reopen evidence based on underlying adverse credibility determination). While it may not have been reasonable for the BIA to expect additional authenticating evidence, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), the BIA did not abuse its discretion in affording the documents minimal weight based on the fact that they were tainted by the previous adverse credibility finding, *see Qin Wen Zheng*, 500 F.3d at 147; *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Because Jiang's evidence did not establish that the Chinese government was targeting members of the U.S. CDP or would target her individually based on its knowledge of her

4

activities in the United States, the BIA did not abuse its discretion in denying the motion to reopen for failure to demonstrate *prima facie* eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(1); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 154-55 (2d Cir. 2008) (noting that it is the movant's burden to establish *prima facie* eligibility).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk